JOHN C. HENDERSON, Respondent, *v.* CHARLES R. HENDERSON, Individually and as Executor and Trustee Under the Will of JOHN C. HENDERSON, Deceased, and Others, Appellants.

*Action for partition — right to bring in persons claiming a portion of the real estate under a devise alleged to be invalid — Code of Civil Procedure, sec. 1537 — General Rules of Practice, No. 65.*

This action was brought by the plaintiff, one of the heirs-at-law of John C. Henderson, to have a trust, attempted to be created by the testator, declared void, and the heirs-at-law declared owners as tenants in common of the real estate left by the deceased. The complaint also alleged that the executor attempted to convey to the defendants Travers a certain portion of the said real estate, which conveyance was made without authority, and that the title to the said premises still remained in the heirs-at-law, and prayed for a judgment adjudging the said deed to be void and for a partition of the real estate amongst the heirs.

*Held*, that a demurrer, interposed upon the ground that two different causes of action had been improperly joined therein, as both did not affect all the parties to the action, was properly overruled.

That but one cause of action was set forth, viz., for the partition of the lands held in common by the heirs of John C. Henderson, deceased, and that, as an incident to this cause of action, the plaintiff had the right to remove the cloud upon the title of the heirs caused by the apparent devise contained in the will of the deceased, and that all persons claiming any portion of such real estate by virtue of such devise were necessary parties to such an action.

APPEAL from an interlocutory judgment, entered upon an order overruling a demurrer interposed to the complaint by the defendant Norman Henderson.

The complaint alleges that John C. Henderson died leaving a last will and testament which was thereafter admitted to probate, and being seized and possessed of a large amount of real estate. That by his will, the deceased, after providing for the payment of certain legacies (the will being set out in full), attempted to create a trust in his executors which was void, and that the heirs-at-law of said Henderson are the owners and tenants in common of the real estate left by him. That the executor of the deceased attempted to convey to the defendants Travers a certain portion of said real estate, which conveyance was made without authority, and that the title to said premises attempted to be conveyed still remains in the heirs-at-law of said Henderson, and relief is demanded adjudging the said deed to be void and for a partition of the said real estate amongst the heirs-at-law of said testator.

The defendant, Norman Henderson, one of the said heirs-at-law, demurs to the complaint upon the ground that causes of action have been therein improperly united, to wit, a cause of action for the partition of certain real estate, which cause of action does not affect the defendants Travers, and which does affect the other defendants, and a cause of action to set aside a transfer and deed of certain real estate mentioned in the complaint made by the executor of Henderson to said defendants Travers, which cause of action affects Henderson, as executor, and defendants Travers, and upon the ground that the two above described causes of action which have been united in the said complaint do not affect all the parties to the action.

The demurrer was overruled, and from the interlocutory judgment thereupon entered this appeal has been taken.

*Edward S. Rapallo,* for the appellants.

*Francis Forbes,* for the respondent.

VAN BRUNT, P. J. :

It would seem that the learned counsel bases his demurrer upon the fact that the complaint demands relief not only declaring that the

power of sale contained in the will be declared void and a partition be had, but also that the deed from the executor to the defendants Travers be also declared null and void.

It is admitted by the learned counsel for appellant that in a case in which a number of grantees each purchased separate parcels of real estate from an executor exercising a power of·sale, each grantee would be interested in his own deed, but that in case of an action brought against them all to set aside these conveyances of the various parcels upon the ground that the power of sale is void, all the grantees would be so affected as that all might be joined in one suit; but it is urged that if such an action included a cause of action for partition of all such real estate, and these grantees and the heirs-at-law were joined as defendants, that there would be a misjoinder of causes of action. The fallacy of this position seems to be in the assumption that there is of necessity any cause of action for the purpose of declaring the deed void.

The cause of action is for partition, and partition only. By section 1537 of the Code of Civil Procedure, such an action may be brought by a person claiming to be entitled as a joint tenant or as a tenant in common, by reason of his being an heir of the person who died holding and in possession of real property, whether he is in or out of possession, notwithstanding an apparent devise thereof to another person by the decedent, and possession under such devise. Therefore in this action the plaintiff, one of the heirs-at-law of the decedent, has the right in this action to show, having made the necessary allegation, that the devise to the executor contained in the will of the decedent was void, and that he had no power of sale whatever, and that, therefore, the title to the real estate left by the decedent descended to his heirs-at-law, unaffected by such attempted devise. The defendants Travers claim under and by virtue of said devise, and are in possession thereunder, and hence are necessary parties to this adjudication, and it is no answer to say that because they do not claim the whole of the real estate that, therefore, they are not proper parties. It is not at all necessary to make any adjudication whatever as to the executor's deed to Travers. If it is adjudged in an action to which the Travers are made parties as persons to be affected by the adjudication that the executor had no power of sale, their title falls with the devise.

The plaintiff would have been irregular in his practice had he not included the lands attempted to be conveyed to the defendants Travers.

If the executor had no power of sale the title to the land attempted to be conveyed to the Travers descended to the heirs-at-law of decedent, and such heirs-at-law held the same as tenants in common in the same manner as they held the other lands left by the decedent, and rule 65 of the General Rules of Practice requires that all the lands owned by the same persons in common must be partitioned in one action. Hence the plaintiff was bound to include the land attempted to be conveyed to the Travers in his action of partition, as the heirs-at-law of the decedent, if the executor had no power of sale, held the same as tenants in common.

There is, therefore, but one cause of action set forth in the plaintiff's complaint, viz. : for the partition of the lands held as tenants in common by the heirs of John C. Henderson, deceased, and as an incident to this cause of action the plaintiff has the right to remove the cloud upon the title of the heirs caused by the apparent devise contained in the will of the deceased, and all persons claiming any portion of such real estate by virtue of such devise are necessary parties to such an action. None of the authorities cited establish any other or different proposition.

The judgment appealed from must be affirmed, with costs, the defendant to have leave to withdraw his demurrer and answer upon payment of costs of demurrer in court below, and the costs of this appeal.

BRADY and DANIELS, JJ., concurred.

Judgment affirmed, with costs, with leave to defendant to with-draw demurrer and answer on payment of costs of demurrer and of appeal.